IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELAM URIAH, | ) | 1:04-cv-06239-REC-DLB-P |
| Plaintiff, | ) | |
| v. | ) | **FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE** |
| LEA ANN CHRONES, et al., | ) | (Docs. 32 & 33) |
| Defendants. | ) | |

Plaintiff is proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

On August 25, 2005, the court issued an Order denying plaintiff's motion for appointment of counsel, and served said order on plaintiff. On September 16, 2005, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable. A notation on the envelopes indicated: Return to Sender - Attempted Not Known.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. To date, plaintiff has not notified the court of his address change or otherwise been in

1 contact with the court.  Absent such notice, service at a party's
2 prior address is fully effective.  See Local Rule 83-182(f).
3       In determining whether to dismiss an action for lack of
4 prosecution, the court must consider several factors: (1) the
5 public's interest in expeditious resolution of litigation; (2)
6 the court's need to manage its docket; (3) the risk of prejudice
7 to the defendants; (4) the public policy favoring disposition of
8 cases on their merits; and, (5) the availability of less drastic
9 sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
10 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court
11 finds that the public's interest in expeditiously resolving this
12 litigation and the court's interest in managing the docket weigh
13 in favor of dismissal. The court cannot hold this case in
14 abeyance indefinitely based on plaintiff's failure to notify the
15 court of his address.  The third factor, risk of prejudice to
16 defendants, also weighs in favor of dismissal, since a
17 presumption of injury arises from the occurrence of unreasonable
18 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
19 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
20 favoring disposition of cases on their merits -- is greatly
21 outweighed by the factors in favor of dismissal discussed herein.
22 Finally, given the court's inability to communicate with
23 plaintiff based on plaintiff's failure to keep the court apprised
24 of his current address, no lesser sanction is feasible.
25       Accordingly, the court HEREBY RECOMMENDS that this action be
26 DISMISSED for plaintiff's failure to prosecute.
27 //
28 /

1   These Findings and Recommendation are submitted to the
2 United States District Judge assigned to the case, pursuant to
3 the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen**
4 **(15) days** after being served with these Findings and
5 Recommendation, any party may file written objections with the
6 court and serve a copy on all parties.  Such a document should be
7 captioned "Objections to Magistrate Judge's Findings and
8 Recommendation."  Any reply to the objections shall be served and
9 filed within ten days after service of the objections.  The
10 parties are advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's
12 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   October 17, 2005**                    **/s/ Dennis L. Beck**
   3c0hj8                                           UNITED STATES MAGISTRATE JUDGE